UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CASE NO. 4:23-CR-465-S |
| § | |
| CLAUDE EDWARD SLAUGHTER III § | |
| Defendant. § | |

## PLEA AGREEMENT

The United States of America, by and through Nicholas J. Ganjei, United States Attorney for the Southern District of Texas, and Jennifer Stabe, Assistant United States Attorney, and the defendant, Claude Edward Slaughter, III ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Count One, Two, and Six of the Superseding Indictment. Count One charges Possession with Intent to Distribute Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and Title 18 United States Code, Section 2. Count Two charges Defendant with Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of Title 18, United States Code, Section 924(c)(1)(A), 924(c)(1)(A)(i), and 2. Count Six charges Defendant with Transport or Receipt of Explosive Material by a Prohibited Person, in violation of Title 18, United States Code, Sections 842(i) and 844(a). Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment/information, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2. The **statutory** maximum penalty for each violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and Title 18 United States Code, Section 2, is imprisonment of up to 20 years and a fine of not more than $1,000,000. Additionally, Defendant shall receive a term of supervised release after imprisonment of at least 3 years. *See* Title 18, United States Code, Section 3559(a)(3) and Title 21, United States Code, Section 841(b)(1)(C). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for up to 2 years, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3). Defendant understands that the sentences on multiple counts may be imposed to run consecutively to one another or to any other sentence. Defendant understands that he is not eligible for parole.

3. The **statutory** maximum penalty for each violation of Title 18, United States Code, Sections 924(c)(1)(A), 924(c)(1)(A)(i), and 2, is imprisonment of not less than 5 years to be served consecutive to any other sentence given, and a fine of not more than $250,000.00. Additionally, Defendant shall receive a term of supervised release after imprisonment of not more than 3 years. *See* Title 18, United States Code, Section 3559(a)(3) and 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for up to 2 years, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3). Defendant understands that

the sentences on multiple counts may be imposed to run consecutively to one another or to any other sentence. Defendant understands that she is not eligible for parole.

4. The **statutory** maximum penalty for each violation of Title 18, United States Code, Sections 842(i) and 844(a), is imprisonment of up to 10 years and a fine of not more than $250,000.00. Additionally, Defendant shall receive a term of supervised release after imprisonment of not more than 3 years. *See* Title 18, United States Code, Section 3559(a)(3) and Title 18, United States Code, Sections 844(a) and 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for up to 2 years, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3). Defendant understands that the sentences on multiple counts may be imposed to run consecutively to one another or to any other sentence. Defendant understands that she is not eligible for parole.

## Mandatory Special Assessment

5. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

6. Defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status. Defendant understands that if he/she is not a citizen of the United

3

States, by pleading guilty he/she may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if he/she is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty, and Defendant affirms that he/she wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

### Waiver of Appeal, Collateral Review, and Statute of Limitations

7. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

8. Defendant also agrees that should the conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement

(including any counts that the United States has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

9. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he/she may have received from his/her counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his/her guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

10. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

11. The United States agrees to each of the following:

(a)     If Defendant pleads guilty to Count One, Two, and Six of the Superseding Indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss Counts Three, Four, and Five of the indictment at the time of sentencing. The defendant agrees that with respect to any and all dismissed charges he/she is not a 'prevailing party within the meaning of the 'Hyde Amendment,' Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law;

(b)     If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the United States will move under § 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

## Agreement Binding - Southern District of Texas Only

12. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for the specific conduct described in the indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

13. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a)     to bring the facts of this case, including evidence in the files of the United States Attorney's Office for the Southern District of Texas or the files of any investigative agency, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)     to set forth or dispute sentencing factors or facts material to sentencing;

6

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

14. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

15. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

7

(a) If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his/her attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his/her own behalf. If the witnesses for Defendant would not appear voluntarily, he/she could require their attendance through the subpoena power of the court; and

(c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he/she could testify on his/her own behalf.

## Factual Basis for Guilty Plea

16. Defendant is pleading guilty because he is in fact guilty of the charges contained in Count One, Two, and Six of the Superseding Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

The FBI Houston Violent Crimes Task Force (VCTF) and Houston Police Department began investigating the Defendant Claude Edward Slaughter, III (Slaughter) in January 2023. Law enforcement conducted surveillance of Slaughter and observed patterned behavior consistent with narcotics trafficking. Through this surveillance, the VCTF identified Slaughter's residence as a location from where he stored and trafficked narcotics. The VCTF observed several instances where Slaughter conducted narcotics related activity in the driveway of his residence.

On May 2, 2023, the FBI VCTF, Texas Department of Public Safety, and HPD's Narcotics Division, arrested Slaughter on a State murder warrant. The surveillance team located Slaughter in the parking lot of Fitness Connection in Humble, Texas.

Subsequent to the arrest, agents executed a federal search warrant issued in the Southern District of Texas for Slaughter's residence in Humble, Texas, a residence determined to be the primary address for Slaughter. During the search, several pieces of mail addressed to "Claude

Edward Slaughter III" with a listed address of 7903 Barnhill Drive were located. 7903 Barnhill Drive was the previous known address of the defendant. In the master bedroom, Agents observed all male clothing as well as personal photographs of Slaughter and a female.

The following items were seized in the master bedroom:
- Glock pistol, s/n BGVW662 with gold "switch" attachment; nightstand,
- 60 round AR/M4 drum magazine with bullets; on top of dresser,
- (6) pill bottles of assorted pills; nightstand,
- Radical Firearms, LLC, (RDC) RF-15, AR-15 styled rifle, s/n 20-070469; on top of dresser,
- Glock pistol, s/n DSS925 with (8) 10mm rounds; nightstand,
- Century Arms International, AK Pistol, s/n PMD 15659-19; on top of dresser.

The following items were seized from the master bedroom closet:
- Approximately $229,303.00 of US currency; found in shoe boxes,
- Iver Johnson Champion, 410 Gauge Shotgun, no serial number

The following items were seized from the kitchen:
- 1 gallon bottle with unknown purple liquid
- Assortment of marijuana products
- Clear plastic bag with white substance
- (6) pill bottles of assorted pills
- Silver scale
- Gold Apple iPhone
- (2) AWS scales
- (3) money counters

The following items were found in the garage:
- Glock Pistol, s/n YRS710 with gold "switch" attachment
- Box with (3) 1-pint bottles of promethazine

The following items were found in an unoccupied bedroom
- Approximately 41.3 kilograms of marijuana

Law enforcement seized the 2022 GMC Sierra 2500 Denali, $229,303.00 in United States currency, the firearms, grenades, and narcotics found at the scene. Upon search of the vehicle, it contained hidden compartments consistent with transporting and hiding narcotics. As part of this plea agreement, defendant agrees to forfeit all money, vehicles, firearms, ammunition, magazines, and explosives seized in this case.

During the search, Slaughter's family arrived at the scene. Agent R. Dowling spoke with Karen Reeder who claimed to be Slaughter's mother. Reeder stated that the residence was Slaughter's home and that he rented it from his aunt, Belinda Wright. Agent Dowling also spoke

9

with Wright who advised she owned the house but rented it to Slaughter who paid her rent in cash each month.

A portion of the narcotics was tested by the Houston Forensic Science Center. The lab did not test the 60 kilograms of marijuana, many of the pills, or the purple liquid suspected to be promethazine. The cocaine tested positive with a weight of 71.3 grams, and there was 390.10 grams of carisoprodol tested, along with small amounts of various other pills.

A federal search warrant was also executed at the Cube Smart storage unit 1274 in Humble, Texas in the Southern District of Texas on May 2, 2023, and two grenades were located inside the storage unit in a safe. The FBI laboratory determined that the grenades were fully functional and determined to be explosive devices. The lab identified the markings on the grenade fuze and grenade bodies for both grenades and determined they were manufactured outside the of Texas and therefore the parts traveled in interstate or foreign commerce. The grenades have identifying marks labeled M205A2, Lot Number OPI-6-81 and Lot Number IOP-4-17 respectively and Defendant agrees to forfeit these explosive devices pursuant to this plea agreement.

During surveillance, the defendant was observed going to and from the storage unit and a key to the storage unit was found on the defendant during his arrest. The storage unit was registered to the defendant's cousin, Kendra Hill.

After the search of the storage unit, Slaughter's cousin Kendra Hill provided a statement to law enforcement. Ms. Hill stated that Slaughter asked her to rent the storage unit in her name for his use. She stated she never went inside the storage unit and did not know what he may or may not have placed inside the storage unit.



During an interview of a cooperating defendant, the cooperating defendant stated Slaughter told the cooperating defendant that he purchased the two hand grenades for $200 each intending to "blow up the house" of the individuals seeking revenge for the State homicide. Slaughter stated he stored the grenades in a storage unit registered to his cousin.

Slaughter has been convicted of a felony offense punishable by more than one year in prison. Based on Slaughter's history, he is a felon and is prohibited to be in possession of a firearm, ammunition, or explosive material.

At trial, the United States would have introduced testimony from the agents that conducted surveillance, agents that searched the house and storage unit, witness testimony from Slaughter's cousin regarding his use of the storage unit, lab reports regarding firearms, grenades, and narcotics found, and expert testimony from chemists and firearms and explosives experts about the results of their analysis.

10

## Breach of Plea Agreement

17. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, including required financial information, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

## Monetary Penalties, Assets and Financial Disclosures

18. Defendant understands and agrees that monetary penalties will be subject to immediate enforcement as provided in 18 U.S.C. § 3613 and that monetary penalties will be submitted to the Treasury Offset Program so that payments to the Defendant may be applied to federal debts.

19. Defendant understands that restitution, forfeiture, and fines are separate components of sentencing and are separate obligations. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, any restitution order, any forfeiture orders, and any fines.

## Restitution

20. Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant agrees to pay full restitution as determined by the Court, regardless of the resulting loss amount, to all victims harmed by Defendant's "relevant conduct," as defined by U.S.S.G. §1B1.3, including conduct pertaining to any dismissed counts or uncharged conduct, and regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that should the Court impose a payment schedule, the payment schedule sets forth minimum payments and does not foreclose additional collection of restitution.

## Forfeiture

21. As part of this plea agreement, Defendant agrees to the following:

(a) to forfeit, via either an administrative or judicial proceeding, all assets listed in the charging document (including any Supplemental Notice of Forfeiture), and to forfeit or abandon any assets seized during this investigation or a related investigation including but not limited to;

a. $229,303.00 of United States currency

b. 2022 GMC Sierra 2500 Denali, VIN 1GT49RE79NF336929

c. Glock pistol, serial number BGVW662 with gold "switch" attachment

d. Radical Firearms, LLC, (RDC) RF-15, AR-15 styled rifle, serial number 20-070469, incorrectly identified as a "AR-15 rifle, serial number 20-070469" in the Superseding Indictment.

e. Glock pistol, serial number DSS925 with (8) 10mm rounds

f. Century Arms International, AK Pistol, 762 caliber, serial number PMD-15659-19, incorrectly identified as a "Draco rifle, serial number PMD 15659-19RO" in the Superseding Indictment.

    g. Iver Johnson Champion, 410 Gauge Shotgun incorrectly identified as a "Short barrel AR-15 style pistol, no serial number" in the Superseding Indictment.

    h. Glock Pistol, serial number YRS710 with gold "switch" attachment, incorrectly identified with serial number XRS710 in the Superseding Indictment.

    i. 60 round AR/M4 drum magazine with bullets

    j. Ammunition

    k. Magazines (.556mm, .762mm, 10mm, 9mm)

    l. M205A2 Fuze hand grenade, lot number OPI-6-81

    m. M205A2 Fuze hand grenade, lot number IOP-4-17, incorrectly identified with lot number OPI-4-17 in the Superseding Indictment.

(b) to withdraw any claims and petitions for such listed or seized assets, whether in this proceeding or another proceeding, and to waive notice of administrative proceedings (including forfeiture, destruction, and abandonment for seized property);

(c) that the Defendant obtained at least $_____ from the criminal offenses, that the factual basis for the guilty plea supports the imposition of a money judgment in that amount, and that the Defendant agrees to the imposition of a money judgment in that amount [or, if not agreed, that the Court will determine the proper amount of a money judgment];

(d) that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, so that the forfeiture money judgment may be immediately satisfied via forfeiture of substitute property; and

(e) to the order of forfeiture becoming final as to Defendant immediately following this guilty plea or immediately following entry of the forfeiture order, whichever applies.

### Financial Statement

22. Defendant agrees to truthfully complete under penalty of perjury, within thirty days of the execution of this Plea Agreement, a financial statement on a form provided by the United

States Attorney's Office and to update the statement within seven days of any material change. Defendant also agrees to make full disclosure to the United States Probation Office of all current and anticipated assets in which Defendant has an interest both before sentencing and again before termination of supervised release or probation, with such disclosures to be shared with the United States Attorney's Office.

23. Defendant further agrees not to dispose or transfer any assets without the prior written permission of the United States and to authorize the release of all financial information requested by the United States, including, but not limited to, credit histories and tax returns. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's financial disclosure, including in a deposition or informal debtor exam, whether before or after sentencing.

### Complete Agreement

24. This written plea agreement, consisting of 17 pages, including the attached addendum of Defendant and his/her attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. Other than any written proffer agreement(s) that may have been entered into between the United States and Defendant, this agreement supersedes any prior understandings, promises, agreements, or conditions between the United States and Defendant. No additional understandings, promises, agreements, or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties. Defendant acknowledges that no threats have been made against him/her and that he/she is pleading guilty freely and voluntarily because he/she is guilty.

25. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at __Houston__, Texas, on __December__, 2025.

_____
Defendant

Subscribed and sworn to before me on __December 15__, 2025.

NATHAN KYLE OCHSNER, Clerk
UNITED STATES DISTRICT CLERK

By: __Rhonda S. Hawkins__
Deputy United States District Clerk

APPROVED:

Nicholas J. Ganjei
United States Attorney

By:   _/s/ Jennifer Stabe_                   _____
      Assistant United States Attorney       Attorney for Defendant
      Southern District of Texas

15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CASE NO. 4:23-CR-465 |
| § | |
| CLAUDE EDWARD SLAUGHTER, III § | |
| Defendant. § | |

PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his/her rights with respect to the pending indictment/information. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. I have also explained to Defendant that sentences on multiple counts may be imposed to run consecutively to one another or to any other sentence. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____          12/15/25
Attorney for Defendant                    Date

I have consulted with my attorney and fully understand all my rights with respect to the indictment/information pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea

16

agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____   \_\_\_12/15/25_____
Defendant                            Date